**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| MemoryWeb, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Apple Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 6:21-cv-00531-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S ANSWER TO MEMORYWEB, LLC'S AMENDED COMPLAINT**

**RESPONSE TO "NATURE OF THE ACTION"**

1. Apple admits that the Amended Complaint purports to state an action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

**RESPONSE TO "THE PARTIES"**

2. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies the allegations.

3. Apple admits that it is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California. Apple admits that it operates retail stores located at 3121 Palm Way, Austin, Texas; 2901 S. Capital of Texas Hwy., Austin, Texas; 8401 Gateway Boulevard West, El Paso, Texas; 15900 La Cantera Parkway, San Antonio, Texas; and 7400 San Pedro Ave., San Antonio, Texas. Apple admits that it has facilities at 12535 Riata Vista Circle and 5501 West Parmer Lane, Austin, Texas. Apple denies that these locations have any connection to this case. Whether Apple's facilities or retail stores constitute "regular and established places of business in the Western District of Texas" involves a question of statutory interpretation and/or conclusions of law to which no response is required. Apple admits that its registered agent in the state of Texas is CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**RESPONSE TO "JURISDICTION AND VENUE"**

4. Apple admits that the Amended Complaint purports to state an action under the patent laws of the United States and that this Court has subject matter jurisdiction over such claims under 28 U.S.C. §§ 1331 and 1338.

5. Apple does not contest at this time, and solely for the purpose of the present litigation, whether this Court may exercise personal jurisdiction over Apple. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 5.

6. Apple admits that it is registered to do business in the State of Texas.

7. Apple denies the allegations of Paragraph 7.

8. Apple admits that it has retail stores in this District, including at 3121 Palm Way, Austin, Texas; 2901 S. Capital of Texas Hwy., Austin, Texas; 8401 Gateway Boulevard West, El Paso, Texas; 15900 La Cantera Parkway, San Antonio, Texas; and 7400 San Pedro Ave., San Antonio, Texas. Apple denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 8.

9. Apple denies the allegations of Paragraph 9.

10. Apple denies the allegations of Paragraph 10.

11. Apple admits that there are Apple facilities and employees in this judicial district, but denies that these locations have any connection to this case. Apple denies that the accused functionalities are developed in this District or that witnesses with relevant knowledge of the development of the accused functionalities are located in this District. Apple further denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum. To the extent a response is required for the remaining allegations of Paragraph 11, Apple denies them.

12. Apple admits that Exhibit 12 appears to be an excerpt from Apple's website dated November 20, 2019, which states that "Apple has broken ground on its new $1 billion, 3-million-square-foot campus. The campus will initially house 5,000 employees, with the capacity to grow

to 15,000, and is expected to open in 2022." Apple admits that there are Apple facilities and employees in this judicial district, but denies that these locations have any connection to this case. Apple denies that the accused functionalities are developed in this District or that witnesses with relevant knowledge of the development of the accused functionalities are located in this District. Apple further denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum. To the extent a response is required for the remaining allegations of Paragraph 12, Apple denies them.

13. Apple denies the allegations of Paragraph 13.

14. Apple admits that there are Apple facilities and employees in this judicial district, but denies that these locations have any connection to this case. Apple denies that the accused functionalities are developed in this District or that witnesses with relevant knowledge of the development of the accused functionalities are located in this District. Apple further denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 14.

## RESPONSE TO "BACKGROUND"
## RESPONSE TO "MEMORYWEB'S INNOVATIVE TECHNOLOGY"

15. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies the allegations.

16. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the allegations.

17. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies the allegations.

18. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies the allegations.

19. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies the allegations.

20. Apple lacks knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the allegations.

21. Apple lacks knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the allegations.

22. Apple lacks knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the allegations.

23. Apple lacks knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 23 of the Amended Complaint and therefore denies the allegations.

24. Apple lacks knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 24 of the Amended Complaint and therefore denies the allegations.

25. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 25 of the Amended Complaint and therefore denies the allegations.

## RESPONSE TO "THE ASSERTED PATENTS"

26. Apple admits that the Amended Complaint purports to state an action asserting four patents for patent infringement: U.S. Patent No. 9,552,376, U.S. Patent No. 10,423,658, U.S. Patent No. 10,621,228, and U.S. Patent No. 11,017,020.

27. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 27 of the Amended Complaint and therefore denies the allegations.

### A. Response to "U.S. Patent No. 9,552,376"

28. Apple admits that the face of U.S. Patent No. 9,552,376 (the "'376 patent") states that it issued on January 24, 2017 and that the '376 patent is entitled "Method and Apparatus for Managing Digital Files." Apple admits that a copy of what appears to be the '376 Patent is attached as Exhibit 1. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 28.

29. The allegation set forth in Paragraph 29 of the Amended Complaint appears to state a legal conclusion to which a responsive pleading is not required. To the extent that a responsive pleading is deemed to be required, Apple denies the allegation of Paragraph 29.

30. Apple admits that U.S. Patent Publication No. 2014/0181089 was cited during prosecution of U.S. Patent Application Nos. 16/450,531, 16/109,487, 16/219,602, 16/219,661,

15/418,537, 16/402,057, 15/881,544, 15/713,490, 15/391,276, 15/687,384, 15/275,294, 14/253,783, and 14/501,015. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 30.

**B. Response to "U.S. Patent No. 10,423,658"**

31. Apple admits that the face of U.S. Patent No. 10,423,658 (the "'658 patent") states that it issued on September 24, 2019 and that the '658 patent is entitled "Method and Apparatus for Managing Digital Files." Apple admits that a copy of what appears to be the '658 Patent is attached as Exhibit 2. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 31.

32. The allegation set forth in Paragraph 31of the Amended Complaint appears to state a legal conclusion to which a responsive pleading is not required. To the extent that a responsive pleading is deemed to be required, Apple denies the allegation of Paragraph 32.

**C. Response to "U.S. Patent No. 10,621,228"**

33. Apple admits that the face of U.S. Patent No. 10,621,228 (the "'228 patent") states that it issued on April 14, 2020 and that the '228 patent is entitled "Method and Apparatus for Managing Digital Files." Apple admits that a copy of what appears to be the '228 Patent is attached as Exhibit 3. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 33.

34. The allegation set forth in Paragraph 34 of the Amended Complaint appears to state a legal conclusion to which a responsive pleading is not required. To the extent that a responsive pleading is deemed to be required, Apple denies the allegation of Paragraph 34.

**D. Response to "U.S. Patent No. 11,017,020"**

35. Apple admits that the face of U.S. Patent No. 11,017,020 (the "'020 patent") states that it issued on May 25, 2021 and that the '020 patent is entitled "Method and Apparatus

for Managing Digital Files." Apple admits that a copy of what appears to be the '020 Patent is attached as Exhibit 4. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 35.

36. The allegation set forth in Paragraph 36 of the Amended Complaint appears to state a legal conclusion to which a responsive pleading is not required. To the extent that a responsive pleading is deemed to be required, Apple denies the allegation of Paragraph 36.

### E. Response to "The Technological Improvement Needed for Managing, Organizing and Displaying Digital Files"

37. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 37 of the Amended Complaint and therefore denies the allegations.

38. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 38 of the Amended Complaint and therefore denies the allegations

39. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 39 of the Amended Complaint and therefore denies the allegations.

40. Apple admits that column 1, lines 54-58 of the '376 patent state: "What is needed to complement the widespread availability of digital files is a medium that allows people to organize, view, preserve and share these files with all the memory details captured, connected and vivified via an interactive interface." '376 patent, 1:54-58. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 40.

41. Apple admits that column 29, lines 33-40 state: "In this view, individual or groups of Digital Files are illustrated as photo thumbnails (see indicators 0874 and 0875) on the map

and the user can select the thumbnail to see all the Digital Files with the same location (as seen FIG. 34 (indicator 1630) or the user can use the interactive map and narrow the map view by either using the zoom in/zoom out bar (0876) on the left or simply selecting the map." '376 patent, 29:33-40. Apple admits that the image appears to be a copy of Figure 41 from the '376 patent. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 41.

42. Apple admits that column 29, lines 40-42 state: "Note that the pinned locations include a thumbnail of the Digital File (or Collection cover) and the number of Digital Files for that location." '376 patent, 29:40-42. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 42.

43. Apple denies the allegations contained in Paragraph 43.

44. Apple denies the allegations contained in Paragraph 44.

45. Apple admits that the image appears to be a copy of Figure 34 from the '376 Patent. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 45.

46. Apple admits that column 24, lines 4-6 state: "The first Location Application View is used to display all the locations that were created within the user's Application (1600)." '376 patent, 24:4-6. Apple admits that column 24, lines 24-28 state: "In the second Locations Application View within FIG. 34; a single location (1630) is illustrated. The individual location name is displayed at the top of the page (1632). Thumbnails of each Digital File within the specific collections are illustrated." '376 patent, 24:24-28. Apple admits that column 24, lines 39-41 state: "As part of the individual Location View, an interactive map displaying a Zoomed-in image of the specific location is displayed (1635)." '376 patent, 24:39-41. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 46.

47. Apple admits that the image appears to be a copy of Figure 32 from the ’376 patent. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 47.

48. Apple denies the allegations contained in Paragraph 48.

## RESPONSE TO “APPLE INFRINGES MEMORYWEB’S PATENTS”

49. Apple denies the allegations contained in Paragraph 49.

50. Apple admits that it makes, uses, sells, offers to sell, and imports multiple software operating systems including a photo application for organizing and displaying digital files such as photos and videos. Apple admits that it makes, uses, sells, offers to sell, and imports one or more products including on which such operating systems are installed. Apple denies that any Apple products are infringing. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 50.

### A. Response to “Apple’s macOS Software/Operating System and Related Products”

51. Apple admits that Ex. 15 appears to be an excerpt from the Apple Photos User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 51.

52. Apple admits that Ex. 15 appears to be an excerpt from the Apple Photos User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 52.

53. Apple admits that Ex. 16 appears to be an excerpt from the Apple Photos User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 53.

54. Apple admits that Ex. 17 appears to be an excerpt from the Apple Photos User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 54.

55. Apple denies the allegations of Paragraph 55.

56. Apple denies the allegations of Paragraph 56.

57. Apple denies the allegations of Paragraph 57.

### B. Response to "Apple's iOS Software/Operating System and Related Products"

58. Apple admits that Ex. 18 appears to be an excerpt from the Apple iPhone User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 58.

59. Apple admits that Ex. 18 appears to be an excerpt from the Apple iPhone User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 59.

60. Apple admits that Exs. 19 and 21 appear to be excerpts from the iPhone User Guide. Apple admits that Ex. 20 appears to be an excerpt from the Apple Support site. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 60.

61. Apple admits that Ex. 22 appears to be an excerpt from the iPhone User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 61.

62. Apple denies the allegations of Paragraph 62.

63. Apple denies the allegations of Paragraph 63.

### C. Response to "Apple's iPadOS Software/Operating System and Related Products"

64. Apple admits that Ex. 23 appears to be an excerpt from the Apple iPad User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 64.

65. Apple admits that Ex. 23 appears to be an excerpt from the Apple iPad User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 65.

66. Apple admits that Ex. 24 appears to be an excerpt from the Apple iPad User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 66.

67. Apple admits that Ex. 25 appears to be an excerpt from the Apple iPad User Guide. Except as expressly admitted, Apple denies the remaining allegations of Paragraph 67.

68. Apple denies the allegations of Paragraph 68.

69. Apple denies the allegations of Paragraph 69.

70. Apple denies the allegations of Paragraph 70.

**RESPONSE TO "COUNT I – INFRINGEMENT OF THE '376 PATENT"**

71. Apple incorporates by references its responses in the preceding paragraphs above as if fully set forth herein.

72. Apple denies the allegations of Paragraph 72.

73. Apple denies the allegations of Paragraph 73.

74. Apple denies the allegations of Paragraph 74.

75. Apple denies the allegations of Paragraph 75.

76. Apple denies the allegations of Paragraph 76.

77. Apple denies the allegations of Paragraph 77.

78. Apple denies the allegations of Paragraph 78.

79. Apple denies the allegations of Paragraph 79.

80. Apple denies the allegations of Paragraph 80.

**RESPONSE TO "COUNT II – INFRINGEMENT OF THE '658 PATENT"**

81. Apple incorporates by references its responses in the preceding paragraphs above as if fully set forth herein.

82. Apple denies the allegations of Paragraph 82.

83. Apple denies the allegations of Paragraph 83.

84. Apple denies the allegations of Paragraph 84.

85. Apple denies the allegations of Paragraph 85.

86. Apple denies the allegations of Paragraph 86.

87. Apple denies the allegations of Paragraph 87.

88. Apple denies the allegations of Paragraph 88.

89. Apple denies the allegations of Paragraph 89.

90. Apple denies the allegations of Paragraph 90.

**RESPONSE TO "COUNT III – INFRINGEMENT OF THE '228 PATENT"**

91. Apple incorporates by references its responses in the preceding paragraphs above as if fully set forth herein.

92. Apple denies the allegations of Paragraph 92.

93. Apple denies the allegations of Paragraph 93.

94. Apple denies the allegations of Paragraph 94.

95. Apple denies the allegations of Paragraph 95.

96. Apple denies the allegations of Paragraph 96.

97. Apple denies the allegations of Paragraph 97.

98. Apple denies the allegations of Paragraph 98.

99. Apple denies the allegations of Paragraph 99.

100. Apple denies the allegations of Paragraph 100.

**RESPONSE TO "COUNT IV – INFRINGEMENT OF THE '020 PATENT"**

101. Apple incorporates by references its responses in the preceding paragraphs above as if fully set forth herein.

102. Apple denies the allegations of Paragraph 102.

103. Apple denies the allegations of Paragraph 103.

104. Apple denies the allegations of Paragraph 104.

105. Apple denies the allegations of Paragraph 105.

106. Apple denies the allegations of Paragraph 106.

107. Apple denies the allegations of Paragraph 107.

108. Apple denies the allegations of Paragraph 108.

109. Apple denies the allegations of Paragraph 109.

110. Apple denies the allegations of Paragraph 110.

**RESPONSE TO "PRAYER FOR RELIEF"**

111. Apple denies that MemoryWeb is entitled to any relief in this action and asks the Court to deny any and all of the relief requested by MemoryWeb in its Amended Complaint.

**ADDITIONAL DEFENSES**

112. Apple alleges the following as separate and affirmative defenses to the Amended Complaint. By virtue of having listed the following defenses, Apple does not assume any legal or factual burden not otherwise assigned to it under the law. Apple reserves the right to seek leave to amend its Answer to plead additional defenses and counterclaims and/or to supplement its existing defenses if information developed through discovery, trial, or otherwise, merits such additional defenses, counterclaims, or supplementation.

**FIRST ADDITIONAL DEFENSE**
**(Non-Infringement of U.S. Patent No. 9,552,376)**

113. Apple has not infringed any valid and enforceable claim of the '376 patent directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.

**SECOND ADDITIONAL DEFENSE**
**(Non-Infringement of U.S. Patent No. 10,423,658)**

114. Apple has not infringed any valid and enforceable claim of the '658 patent directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.

**THIRD ADDITIONAL DEFENSE**
**(Non-Infringement of U.S. Patent No. 10,621,228)**

115. Apple has not infringed any valid and enforceable claim of the '228 patent directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.

**FOURTH ADDITIONAL DEFENSE**
**(Non-Infringement of U.S. Patent No. 11,017,020)**

116. Apple has not infringed any valid and enforceable claim of the ’020 patent directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.

**FIFTH ADDITIONAL DEFENSE**
**(Invalidity of U.S. Patent No. 9,552,376)**

117. One or more claims of the ’376 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112 and/or 116.

**SIXTH ADDITIONAL DEFENSE**
**(Invalidity of U.S. Patent No. 10,423,658)**

118. One or more claims of the ’658 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112 and/or 116.

**SEVENTH ADDITIONAL DEFENSE**
**(Invalidity of U.S. Patent No. 10,621,228)**

119. One or more claims of the ’228 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112 and/or 116.

**EIGHTH ADDITIONAL DEFENSE**
**(Invalidity of U.S. Patent No. 11,017,020)**

120. One or more claims of the ’020 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112 and/or 116.

**NINTH ADDITIONAL DEFENSE**
**(Estoppel)**

121. MemoryWeb’s requested relief is barred, in whole or in part, by the doctrine of

estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the patents-in-suit.

**TENTH ADDITIONAL DEFENSE**
**(Non-Recoverability of Costs)**

122. MemoryWeb is precluded by 35 U.S.C. § 288 from seeking recovery of costs because no disclaimer of any of the invalid claims of the patents-in-suit was entered at the Patent and Trademark Office prior to the commencement of this suit.

**ELEVENTH ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

123. MemoryWeb's claims for alleged infringement of the patents-in-suit fail to state a claim upon which relief can be granted.

**TWELFTH ADDITIONAL DEFENSE**
**(Statute of Limitations)**

124. To the extent MemoryWeb seeks recovery for any alleged infringement committed more than six years prior to the filing of the Complaint, such recover is barred by 35 U.S.C. § 286.

**THIRTEENTH ADDITIONAL DEFENSE**
**(Waiver, Unclean Hands, Acquiescence and/or Equitable Estoppel)**

125. MemoryWeb's claims for relief are barred, in whole or in part, under the doctrines of waiver, unclean hands, acquiescence, estoppel, and/or other applicable equitable doctrines.

**FOURTEENTH ADDITIONAL DEFENSE**
**(Marking)**

126. Upon information and belief, Plaintiff's claims for relief and prayer for damages are limited under 35 U.S.C. § 287.

**FIFTEENTH ADDITIONAL DEFENSE**
**(Government Use)**

127. MemoryWeb's claims are barred, in whole or in part, by 28 U.S.C. § 1498.

**SIXTEENTH ADDITIONAL DEFENSE**
**(Ensnarement of Prior Art)**

128. To the extent that MemoryWeb alleges that Apple infringes the patents-in-suit by equivalents, MemoryWeb claims for relief are barred, in whole or in part, by ensnaring the prior art.

**SEVENTEENTH ADDITIONAL DEFENSE**
**(Prior Commercial Use)**

129. MemoryWeb's claims are barred, in whole or in part, by 35 U.S.C. § 273.

**EIGHTEENTH ADDITIONAL DEFENSE**
**(Prosecution Laches)**

130. MemoryWeb's claims are barred, in whole or in part, by the doctrine of prosecution laches by reason of its unreasonable and unexplained delay in the prosecution of the patents-in-suit.

**RESERVATION OF RIGHTS**

131. Apple reserves the right to seek leave to amend its Answer to plead additional defenses and counterclaims and/or to supplement its existing defenses if information developed through discovery, trial, or otherwise merits such additional defenses, counterclaims, or supplementation.

**PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests that this Court enter judgment in its favor and against MemoryWeb and grant the following relief:

A. A declaration that Apple has not and does not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '376 patent;

B. A declaration that Apple has not and does not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the ’658 patent;

C. A declaration that Apple has not and does not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the ’228 patent;

D. A declaration that Apple has not and does not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the ’020 patent;

E. A declaration that each and every one of the claims of the ’376 patent is invalid and/or unenforceable;

F. A declaration that each and every one of the claims of the ’658 patent is invalid and/or unenforceable;

G. A declaration that each and every one of the claims of the ’228 patent is invalid and/or unenforceable;

H. A declaration that each and every one of the claims of the ’020 patent is invalid and/or unenforceable;

I. Dismissal of all of MemoryWeb’s claims against Apple in their entirety and with prejudice;

J. A declaration that MemoryWeb take nothing by way of its Amended Complaint;

K. An order pursuant to 35 U.S.C. § 284 and/or Rule 54(d) of the Federal Rules of Civil Procedure awarding Apple its costs incurred in connection with this action;

L. An order finding this an exceptional case under 35 U.S.C. § 285, and awarding Apple its costs and fees in this action, including attorney’s fees, and prejudgment interest thereon; and

M. An order awarding Apple such further relief as the Court may deem appropriate under the circumstances.

## **JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Apple demands a trial by jury on all issues triable by a jury as of right in this action.

Dated: August 27, 2021

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com
Email: kelly.ransom@kellyhart.com

Bita Rahebi (*pro hac vice*)
Hector G. Gallegos (*pro hac vice*)
Nicholas Rylan Fung (*pro hac vice*)
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Tel: (213) 892-5200
Fax: (213) 892-5454
Email: brahebi@mofo.com
Email: hgallegos@mofo.com
Email: nfung@mofo.com

Karina N. Pundeff (*pro hac vice*)
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
Tel: (858) 720-5100
Fax: (858) 720-5125
Email: kpundeff@mofo.com

Stephen Liu (*pro hac vice*)
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600
Fax: (650) 494-0792
Email: sliu@mofo.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on August 27, 2021.

*/s/ J. Stephen Ravel*
J. Stephen Ravel